**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEVORG BEGLARYAN, | No. 06-73315 |
| Petitioner, | Agency No. A079-292-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010[**]
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[***]

We deny Beglaryan's petition for review.

1.  The inconsistency between Beglaryan's oral testimony and his written

declaration with regard to his stated political affiliation undermines his credibility.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

This discrepancy, which Beglaryan did not adequately explain, goes to the heart of Beglaryan's claim that he suffered persecution as a result of his work to expose human trafficking with the help of his political party. This unexplained discrepancy supports the Immigration Judge's (IJ) adverse credibility finding.

2. At his hearing before the IJ, Beglaryan appeared slow to recall a crucial encounter with the Armenian military, undercutting the plausibility of his testimony. Only after his counsel's repeated questioning did Beglaryan finally recount a dramatic incident involving a TV appearance cut short by military intervention. This hesitation also casts doubt on Beglaryan's credibility and supports the adverse credibility finding.

3. The IJ's finding that Beglaryan's testimony conflicted with the State Department Country Report was not supported by substantial evidence. The Country Report's short description of a single attempt by the Armenian government to prosecute human trafficking offenders does not imply that Armenian prosecutorial authorities uniformly support efforts to end human trafficking. Thus the Country Report does not undermine Beglaryan's testimony.

Given the inconsistency between Beglaryan's oral and written statements of political party affiliation, as well as the manner in which he surfaced the television station incident, we conclude that the decision of the Board of Immigration

2

Appeals to affirm the IJ's denial of relief was supported by substantial evidence. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**